UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SCOTT BAILEY ANDERSON, | CASE NO. 2:25-cv-02563-JNW |
| Plaintiff, | ORDER |
| v. | |
| STEVE RAIBLE and GARY HORCHER, | |
| Defendants. | |

The Court raises this matter of its own accord. Pro se Plaintiff Scott Bailey Anderson pursues this action against Defendants Steve Raible and Gary Horcher in forma pauperis (IFP). *See* Dkt. No. 4. After reviewing the complaint, Dkt. No. 5, under 28 U.S.C. § 1915(e), the Court finds that it lacks subject-matter jurisdiction over Anderson's claims and, alternatively, that Anderson fails to state a claim upon which relief can be granted. Rather than dismissing this case outright, the Court ORDERS Anderson to show cause why his case should not be dismissed within TWENTY-ONE (21) DAYS of the date of this order.

First, the Court must dismiss the complaint for lack of subject-matter jurisdiction. The Court has a continuing an independent duty to examine its own

ORDER - 1

subject-matter jurisdiction. *West v. United States*, 853 F.3d 520, 522 (9th Cir. 2017). Anderson alleges that this Court has federal question subject-matter jurisdiction under 28 U.S.C. § 1331. Dkt. No. 5 at 3. That statute provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Anderson's claims are libel and slander, which are common-law Washington claims—not federal claims. *See Life Designs Ranch, Inc. v. Sommer*, 364 P.3d 129, 140 (Wash. Ct. App. 2015) (Fearing, J.) (concurring in part and dissenting in part). Thus, they do not arise under federal law. Additionally, as both Anderson and the Defendants are Washington citizens, the Court cannot exercise its diversity subject-matter jurisdiction. *See* 28 U.S.C. § 1332. Accordingly, the Court lacks subject-matter jurisdiction.

Second, Anderson's complaint fails to state a claim upon which relief may be granted and must be dismissed on that basis. When a plaintiff proceeds IFP, Section 1915 requires the Court to dismiss the action if it determines the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To survive Section 1915 review, a complaint must meet the pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure. While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl.*

ORDER - 2

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint that provides only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

At the same time, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). Therefore, a "document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). Courts are not to "dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (citing *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam))). But even so, the duties imposed on the Court by Section 1915 are unwavering, and when an IFP plaintiff fails to state a claim, the action must be dismissed.

Based on Anderson's allegations, his claims for libel and slander appear to be time-barred. Washington law "no longer distinguishes between libel and slander," and instead recognizes a cause of action "only for defamation." *Life Designs Ranch*, 364 P.3d at 140 (Fearing, J.) (concurring in part and dissenting in part); *see also Maison de France, Ltd. v. Mais Oui!, Inc.*, 108 P.3d 787, 793–94 (Wash. Ct. App. 2005) (applying defamation elements to alleged libel). Washington applies a two-

year statute of limitations to defamation claims. *Eastwood v. Cascade Broad. Co.*, 722 P.2d 1295, 1296 (Wash. 1986) (en banc); RCW 4.16.100(1). Anderson's complaint challenges conduct that occurred in 2018, meaning the statute of limitations for his claims has expired. Accordingly, Anderson's complaint fails to state a viable claim for relief.

The Court ORDERS Anderson to show cause why his case should not be dismissed for lack of subject-matter jurisdiction and for failure to state a claim within TWENTY-ONE (21) DAYS of this order. Failure to do so will result in dismissal without prejudice.

The Clerk is directed to place this Order to Show Cause on the Court's calendar for 21 days from the date of this order.

Dated this 17th day of December, 2025.

Jamal N. Whitehead
United States District Judge